1  Alison L. Lynch (SBN 240346)
   Remick M. Stahl (SBN 317065)
2  JACKSON LEWIS P.C.
   200 Spectrum Center Drive, Suite 500
3  Irvine, CA 92618
   Phone:      (949) 885-1360
4  Fax:    (949) 885-1380
   Alison.Lynch@jacksonlewis.com
5  Remick.Stahl@jacksonlewis.com

6  Attorneys for Defendant
   HAZELDEN BETTY FORD FOUNDATION
7  (erroneously sued as Hazelden Betty Ford Foundation Inc.)

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | MITCHELL REYNOLDS, individual, | CASE NO. 5:21-cv-1505
12 |                                 | [Riverside Superior Court Case No. CVPS2103108]
13 |         Plaintiff,              |
14 |    vs.                          | **DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b)**
15 | HAZELDEN BETTY FORD FOUNDATION INC., a California Corporation, and DOES 1-10 inclusive, |
16 |                                 |
17 |         Defendants.             | *[Filed concurrently with the Civil Cover Sheet; Declarations in Support of Removal; Corporate Disclosure Statement; Notice of Interested Parties; and Notice of Related Cases]*
18 |                                 |
19 |                                 |
20 |                                 | Complaint:    June 30, 2021
   |                                 | Trial Date:   Not Set
21

22

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

                                    1                    NOTICE OF REMOVAL
                                                              OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant HAZELDEN BETTY FORD FOUNDATION (erroneously sued as Hazelden Betty Ford Foundation Inc.) ("Defendant") hereby invokes this Court's jurisdiction under the provisions of pursuant to 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of California for the County of Riverside to this Court on the grounds of diversity jurisdiction. In support thereof, Defendant asserts the following:

## DIVERSITY JURISDICTION

1. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441 and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. On June 30, 2021, Plaintiff MITCHELL REYNOLDS ("Plaintiff") filed a Complaint against Defendant in Riverside County Superior Court, which the state court designated as Case No. CVPS2103108. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Alison L. Lynch ("Lynch Decl.") filed concurrently herewith. [Lynch Decl., ¶ 3.]

3. In the Complaint, Plaintiff asserts the following causes of action: (1) wrongful termination based on age; (2) disability discrimination; (3) failure to engage in the interactive process; (4) failure to accommodate; (5) retaliation; (6) failure to prevent discrimination and retaliation; (7) wrongful termination in violation of public policy; (8) negligent infliction of emotional distress; and (9) unlawful business practices. **[Exhibit A.]**

4. On July 21, 2021, Counsel for Plaintiff emailed counsel for Defendant the Summons and the Complaint, as well as a Notice and Acknowledgment of Receipt. A true

and correct copy of the Summons is attached to the Lynch Decl. as **Exhibit B**. [*Id.* at ¶ 4.]

5. On August 10, 2021, Counsel for Defendant executed the Notice and Acknowledgment of Receipt and emailed it to Counsel for Plaintiff. [*Id.* at ¶ 5.] Therefore, service was effectuated August 10, 2021. *See Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by the official service date assuming it can be ascertained from the complaint that the matter is removable).

6. On September 8, 2021, Defendant Answered the Complaint. A true and correct copy of the Answer is attached to the Lynch Decl. as **Exhibit C**. [*Id.* at ¶ 6.]

7. As of the date of this Declaration, the attached **Exhibit A**, **Exhibit B**, and **Exhibit C** constitute all of the pleadings filed or received by Defendant in this matter and no further proceedings have been had in the state court as of the date of this Declaration. [*Id.* at ¶ 7.]

8. This removal is timely because it has been filed within thirty (30) days after Defendant was effectively served with a copy of Plaintiff's Summons and Complaint, and it is therefore filed within the time period mandated by 28 U.S.C. section 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins.*, 526 U.S. 344.

## REMOVAL BASED ON DIVERSITY JURISDICTION

**Diversity of Citizenship**

9. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

10. Plaintiff is, and at all relevant times was, an individual residing in Riverside, California. **[Exhibit A, ¶ 3.]** Additionally, in connection with his hire in 2000, Plaintiff submitted to Defendant a resume establishing that he worked in California since at least

1990. A true and correct copy of the resume is attached as **Exhibit D** to the Declaration of Dawne Carlson ("Carlson Decl.") filed concurrently herewith. [Carlson Decl., ¶ 5.] Additionally, throughout Plaintiff's employment with Defendant, which was July 2000 to April 2004 and June 2006 to August 2020, Defendant's records reflect that Plaintiff's address on file was always a California address, including through the termination of his employment in August 2020. [*Id.* at ¶ 6.] Furthermore, Plaintiff filed his Complaint in the State of California for the County of Riverside seeking the protections of the laws of this state. **[Exhibit A.]** Thus, Plaintiff should properly be construed a citizen of the State of California.

11. Defendant was, at the time of filing of the Complaint in state court and at the time of removal still is, a nonprofit corporation duly created and organized under the laws of the State of Minnesota. [Declaration of Jennifer Lohse ("Lohse Decl."), ¶ 2.] Additionally, Defendant had, at the time of filing of the Complaint in state court and at the time of removal still has, its headquarters and principal place of business in Center City, Minnesota. [*Id.*] From the executive and administrative offices at this location, Defendant's officers direct, control, and coordinate Defendant's nationwide services and overall business operations. [*Id.*] Defendants' corporate officers perform their primary fundamental operations out of Minnesota, not California. [*Id.*]

12. Defendant thus is a citizen of Minnesota for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

13. Thus, with Plaintiff as a citizen of California, and Defendant a citizen of Minnesota, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. section 1332.

///

///

**Basis for Amount in Controversy**

14.   Without conceding that Plaintiff is entitled to damages or should recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks either: (1) non-monetary relief or (2) a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (finding that the defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1997).

15.   Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

16.   In determining whether the amount in controversy exceeds $75,000.00, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D.

Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (finding that the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

17. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and may take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

18. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

19. Here, Plaintiff seeks: (1) **compensatory damages** for all nine causes of action; (2) **general damages** for eight causes of action; (3) **punitive damages** for seven causes of action; (4) **attorneys' fees and costs** for seven causes of action; (5) **injunctive relief** prohibiting Defendant discriminating against disability; (6) **disgorgement of ill-gotten or ill-gained profits** from Defendant's unfair business practices; and (7) **statutory penalties** for violation of the Fair Employment and Housing Act ("FEHA") and California Business and Professions Code section 17200 *et seq.*. [**Exhibit A**, ¶¶ 51, 60, 71, 84, 93, 101, 109; Prayer for Relief, pg. 22:9 – 25:14.]

20. **Compensatory Damages – Economic Damages**: In connection with his First, Second, Fourth, Fifth, and Sixth causes of action under the FEHA, Plaintiff alleges that he "has suffered and continues to sustain substantial losses in earnings . . . and other

employment benefits . . . ." [**Exhibit A**, ¶¶ 49, 61, 82, 91, 99.] The FEHA provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999). Furthermore, in connection with his Seventh cause of action for Wrongful Termination in Violation of Public Policy, Plaintiff alleges he "suffered lost income, employment, career opportunities, and has suffered and continue[s] to suffer other economic loss . . . ." [*Id.* at ¶ 107.]

21. Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years. *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987). Defendant has a reasonable good faith belief that Plaintiff seeks damages for lost wages and front pay on his FEHA claims and Wrongful Termination in Violation of Public Policy claim in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

    a. Plaintiff alleges that he was employed by Defendant for over 17 years from "July 24, 2000 through April 25, 2004 and from June 26, 2006 up until his termination on or around August 2020. [See **Exhibit A**, ¶ 16.]

    b. Near the end of Plaintiff's employment with Defendant, Plaintiff's weekly base compensation was approximately $1,416.36, which over the court of a calendar year results in a base compensation of $73,650.78. [Carlson Decl., ¶ 7.]

    c.    Based on the above weekly salary, and for the approximately (57) weeks between Plaintiff's alleged termination date of August 7, 2020, and the date of this Notice of Removal, Plaintiff's back pay alone is **$89,661**.

    d.    Under a conservative estimate, any judgment in this case will likely be rendered no earlier than September 2022 and likely much later given the civil case backlog caused by the COVID-19 pandemic. Assuming that Plaintiff takes this matter to trial and that trial is set for exactly twelve (12) months from the date of this Notice of Removal, Plaintiff would accrue an additional year of back pay in the amount of $81,834. Combined with Plaintiff's lost wages to date of $89,661, Plaintiff's total claim for back pay would amount to **$171,495**.

    e.    Assuming that Plaintiff also recovers front pay for six (6) months, or $40,917, in addition to back pay, the amount in controversy on economic damages alone is approximately **$212,412** and will generously exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

22.  **<u>Compensatory Damages – Emotional Distress Damages</u>**: In connection with his First, Second, Fourth, Fifth, and Sixth causes of action under the Fair Employment and Housing Act ("FEHA"), Plaintiff alleges that he "suffered and continues to sustain . . . humiliation, emotional distress, mental and physical pain and anguish . . . ." [See **Exhibit A**, ¶¶ 49, 61, 82, 91, 99 .] Furthermore, in connection with his Seventh cause of action for Wrongful Termination in Violation of Public Policy, Plaintiff alleges he "has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress . . . ." [*Id.* at ¶ 108.] Additionally, in connection with his Eighth cause of action for Negligent Infliction of Emotional Distress, Plaintiff alleges that he "suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress . . . ." [*Id.* at ¶ 112.] Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff

could also exceed the $75,000.00 jurisdictional minimum. *See, e.g. Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

23. **Punitive Damages**: Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Med. Eyeglass Ctr., Inc.,* 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

24. **Attorney's Fees**: Plaintiff also seeks to recover attorneys' fees in connection with his First through Sixth and Ninth causes of action. [**Exhibit A**, ¶¶ 51, 63, 71, 84, 93, 101, 120; Prayer for Relief, 22:15, 22:26, 23:11, 23:22, 24:4, 24:15, 25:8.] Attorneys' fees are recoverable to the prevailing party under the FEHA and in certain circumstances under Code of Civil Procedure section 1021.5. Cal Gov't Code § 12965(b); Code Civ. Proc. § 1021.5. Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Defendant's lead attorney, Alison L. Lynch, has represented employers in employment litigation for over fifteen (15) years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA violations and related claims. [Lynch Decl., ¶ 8.] Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial. [*See id.*]

/ / /

/ / /

25. **Injunctive Relief**: Plaintiff also seeks an injunction against Defendants enjoining them from allegedly discriminating based on age. [**Exhibit A**, Prayer for Relief, 22:21, 23:4, 23:15, 23:26, 24:8, 24:19.]

26. **Disgorgement**: Plaintiff further seeks disgorgement of all purportedly ill-gotten or ill-gained profits resulting from Defendant's purported unfair business practices. [**Exhibit A**, Prayer for Relief, 22:16-17, 22:27-28, 23:9-10, 23:20-21, 24:5-6, 24:16-17, 25:9-10.]

27. **Statutory Penalties**: Plaintiff further seeks statutory penalties for violations of the FEHA and the California Business and Professions Code section 17200 *et seq.* [**Exhibit A**, Prayer for Relief, 22:19-20, 23:2-3, 23:13-14, 23:23-24, 24:9-10, 24:20-21, 25:12-13.]

28. Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should he prevail. *Anthony v. Sec. Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

29. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VENUE

30. Venue lies in the United States District Court for the Central District of California, Eastern Division pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

/ / /

/ / /

/ / /

## NOTICE TO COURT AND PARTIES

31.   Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Riverside.

This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated: September 2, 2021                    JACKSON LEWIS P.C.

By:   */s/ Remick M. Stahl*
            Alison L. Lynch
            Remick M. Stahl

Attorneys for Defendant
HAZELDEN BETTY FORD FOUNDATION
(erroneously sued as Hazelden Betty Ford Foundation Inc.)

# PROOF OF SERVICE

**CASE NAME:**   *Mitchell Reynolds v. Hazelden Betty Ford Foundation Inc.*

**CASE NO.:**   **5:21-cv-1505**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On September 3, 2021, I served the foregoing document described as:

**DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b)**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Dimuth C. Amaratunge<br>Maya L. Serkova<br>SERENDIB LAW FIRM, APC<br>765 The City Drive, Suite 355<br>Orange, CA 92868 | *Attorneys for Plaintiff*<br>MITCHELL REYNOLDS<br><br>Phone:   714-703-1300<br>Fax:   714-703-1304<br>E-Mail:   da@serendiblaw.com<br>            mserkova@serendiblaw.com |

**[X]   BY EMAIL SERVICE:**   Based on a court order, an agreement of the parties to accept service by e mail or electronic transmission, and/or pursuant to Cal. Rule of Court 2.251 and Cal. Code Civ. Proc. § 1010.6, I caused a true copy of the foregoing document(s) to be served by electronic email transmission to email address(es) indicated herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. My e-mail address is carolina.rangel@jacksonlewis.com.

**[X]   FEDERAL -** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **September 3, 2021** at Irvine, California.

_____
Carolina Rangel

4853-2349-1316, v. 3