Alison L. Lynch (SBN 240346)
Remick M. Stahl (SBN 317065)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone:      (949) 885-1360
Fax:     (949) 885-1380
Alison.Lynch@jacksonlewis.com
Remick.Stahl@jacksonlewis.com

Attorneys for Defendant
HAZELDEN BETTY FORD FOUNDATION
(erroneously sued as Hazelden Betty Ford Foundation Inc.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL REYNOLDS, individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAZELDEN BETTY FORD FOUNDATION INC., a California Corporation, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 5:21-cv-1505<br><br>[Riverside Superior Court Case No. CVPS2103108]<br><br>**DECLARATION OF ALISON L. LYNCH IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)**<br><br>*[Filed concurrently with the Civil Cover Sheet; Notice of Removal; Declarations in Support of Removal; Corporate Disclosure Statement; Notice of Interested Parties; and Notice of Related Cases]*<br><br>Complaint:      June 30, 2021<br>Trial Date:      Not Set |

## DECLARATION OF ALISON L. LYNCH

I, Alison L. Lynch, declare and state as follows:

1.      I am a Principal at the firm Jackson Lewis P.C., counsel of record for Defendant Hazelden Betty Ford Foundation (erroneously sued as Hazelden Betty Ford Foundation Inc.) ("Defendant") and I am the attorney primarily responsible for representing Defendant in this matter.  I make this declaration in support of Defendant's Notice of Removal.

2.      The following is based on my personal knowledge, and, if called as a witness, I could and would competently testify to the facts contained herein.

3.      Plaintiff Mitchell Reynolds ("Plaintiff") filed a Complaint against Defendant on June 30, 2021, in the Riverside Superior Court, which the state court designated as Case No. CVPS2103108.  A true and correct copy of the Complaint is attached as **Exhibit A**.

4.      On July 21, 2021, Counsel for Plaintiff emailed counsel for Defendant the Summons and the Complaint, as well as a Notice and Acknowledgment of Receipt.  A true and correct copy of the Summons is attached as **Exhibit B**.

5.      On August 10, 2021, Counsel for Defendant executed the Notice and Acknowledgment of Receipt and emailed it to Counsel for Plaintiff.

6.      On September 8, 2021, Defendant Answered the Complaint.  A true and correct copy of the Answer is attached as **Exhibit C**.

7.      As of the date of this Declaration, the attached **Exhibit A**, **Exhibit B**, and **Exhibit C** constitute all of the pleadings filed or received by Defendant in this matter and no further proceedings have been had in the state court as of the date of this Declaration.

8.      I have been representing employers in employment litigation for over fifteen (15) years in California, and I am familiar with the fees requested by Plaintiff's counsel in similar actions filed in California State and federal courts alleging Fair Employment and Housing Act violations and related claims.  Based on Plaintiff's allegations, it would not be unreasonable to expect that Plaintiff will allege that attorneys' fees will exceed the sum of **$75,000** for Plaintiff through trial.

I swear under penalty of perjury and the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief.

Sworn to this 3rd day of September, 2021, at Irvine, California.

_____
Alison L. Lynch
State Bar No. 240346

DECLARATION OF ALISON L. LYNCH
ISO NOTICE OF REMOVAL OF ACTION

EXHIBIT A

1  Dimuth C. Amaratunge, Esq. (State Bar No. 237158)
   da@serendiblaw.com
2  Maya L. Serkova, Esq. (State Bar No. 307025)
   mserkova@serendiblaw.com
3  SERENDIB LAW FIRM, APC
   765 The City Drive, Suite 355
4  Orange, California 92868
   Phone:   714-703-1300
5  Fax:     714-703-1304
6  Attorneys for Plaintiff Mitchell Reynolds

**FILED**
Superior Court of California
County of Riverside
**6/30/2021**
**V. Lopez**
Electronically Filed

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| Mitchell Reynolds, individual,<br><br>Plaintiff,<br><br>vs.<br><br>Hazelden Betty Ford Foundation Inc., a California Corporation; Does 1-10 inclusive<br><br>Defendants. | **CASE NO. CVPS2103108**<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>**Assigned for All Purposes To:**</u><br>**Dept.:**<br><br>1. **Wrongful Termination based on age;**<br>2. **Disability Discrimination;**<br>3. **Failure to Engage in the Interactive Process;**<br>4. **Failure to Accommodate;**<br>5. **Retaliation;**<br>6. **Failure to Prevent Discrimination and Retaliation;**<br>7. Wrongful Termination in Violation of Public Policy;<br>8. Negligent Infliction of Emotional Distress;<br>9. Unlawful Business Practices;<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT

COMES NOW Plaintiff Mitchell Reynolds (hereinafter "Mr. Reynolds" or "Plaintiff") and for his causes of action against Defendant HAZELDEN BETTY FORD FOUNDATION., a California Corporation and DOES 1 through 10, inclusive alleges as follows:

1.    The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

2.    This action is brought by Plaintiff against Defendants, HAZELDEN BETTY FORD FOUNDATION, a California Corporation and DOES 1 through 10, inclusive allege as follows inclusive, and each of them for damages sustained by Plaintiff based on Defendant's wrongful actions as alleged herein.

**THE PARTIES**

3.    Plaintiff is an individual and resident of RIVERSIDE, California.

4.    Defendant, HAZELDEN BETTY FORD FOUNDATION, is a California Corporation, authorized to do and is doing business in the State of California and at all times mentioned herein, is an employer whose employees were and are engaged in employment throughout County of Riverside.

5.    That the true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said Defendant by fictitious name, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as alleged herein.

6.    Unless otherwise individually referred to, whenever, in this Complaint, reference is made to "Defendants," such reference shall refer to all Defendants including DOE Defendants, collectively.

7. Plaintiff, is informed and believes and based upon such basis, alleges that at all times herein mentioned, each of the Defendants were acting as the agent, servant, employee of each of the other Defendants, within the scope of said agency and employment.

8. That during the times and places of the incident in question, Defendants, and each of them, their agents, servants and employees became liable to Plaintiffs for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

9. Plaintiff, is informed and believes and based upon such basis, alleges that all Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

10. Plaintiff, is informed and believes and based upon such basis, alleges that Defendants' founders, owners, shareholders, executive officers, managers, and supervisors directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct at the expense of Plaintiff.

11. Plaintiff has exhausted Plaintiff's administrative remedies with respect to the named defendant. True and correct copies of Plaintiff's administrative complaints to, and Right-To-Sue Notice(s) from, the California Department of Fair Employment And Housing are attached herein as Exhibit "One" and incorporated by this reference in this complaint as though set forth in full.

**JURISDICTION AND VENUE**

12. Pursuant to Code of Civil Procedure § 410.10, this Court has jurisdiction over Defendants because each Defendant is a person or business entity that is a resident and/or business entity that is established, incorporated and/or has sufficient minimum contacts with the State of California so far as to render exercise of jurisdiction over Defendant consistent with traditional notions of fair play and substantial justice. Further, damages exceed the jurisdictional minimum of this Court.

-3-

13.   Venue is proper in this Court, pursuant to Code of Civil Procedure § 395.5, because Defendants' obligations and liabilities to Plaintiff arose in the County of Riverside, California.

14.   Plaintiff has exhausted Plaintiff's administrative remedies with respect to the named defendant.

**FACTUAL ALLEGATIONS**

15.   Plaintiff, is informed and believes Defendant owns, operates, and maintains Hazelden Betty Ford Foundation, an addiction treatment and advocacy organization. Hazelden Betty Ford Foundation headquarters is located at 15251 Pleasant Valley Road, Center City, MN 55012.

16.   However, Mr. Reynolds worked at the location at 39000 Bob Hope Drive, Rancho Mirage, CA 92270 for the Patient Care Services Department from July 24, 2000 through April 25, 2004 and from June 26, 2006 up until his termination on or around August 2020.

17.   Among other things, Mr. Reynolds' duties consisted of managing the Transportation Department where he managed labor, fleet (vehicles), budget planning and maintaining purchasing, sales, revenue, licensing, credentials, registration and maintenance. Mr. Reynolds also managed the Volunteer Department. His duties also consisted of recruiting, training, scheduling, continued development, evaluating, planning and backfilling volunteer duties with front desk reception and drivers. Mr. Reynolds collaborated with the Director of Volunteers at Eisenhower Hospital.

18.   In addition, Mr. Reynolds managed the front desk reception's labor and budget. These tasks included recruiting, screening, interviewing, hiring, training, ongoing engagement, coaching, discipline, termination and assisting and supporting Patient Access Counselors' team.

19.   Plaintiff, is informed and believes on or around the beginning of 2015, Betty Ford merged with Hazelden becoming Hazelden Betty Ford Foundation. Mr. Reynolds' post-pandemic compensation was an annual salary of about $75,000.00. Mr. Reynolds worked Monday through Friday from 8:00am to 4:30 pm.

20.   Mr. Reynolds is a 63 year old man who during his employment with Betty Ford

-4-

COMPLAINT

demonstrated high standards and excellent reputation within the company preceding him throughout his career with Defendant for almost two decades.

21.    Per Mr. Reynolds and as shown in his personnel records, his superiors commended his excellent work ethic, dependability and reliability. Throughout his long career, Mr. Reynolds went above and beyond to excel as an employee to support his team.

22.    Plaintiff, is informed and believes on February 12, 2019, Mr. Reynolds received a rating level 4 on his evaluation as he frequently exceeded performance expectations stating: "Performance frequently exceeds job requirements. Accomplishments are regularly above expected levels. Performance is sustained and uniformly high with throughout and on time results." Throughout Mr. Reynolds employment, he was an excellent and reliable employee.

23.    A year prior to Mr. Reynolds termination, he suffered a personal loss in his family around May 2019. Specifically, Mr. Reynolds' mother suffered a stroke on Easter Sunday of 2019 and passed away in August of 2019. During this difficult time, Mr. Reynolds requested time off to care for his father and mourn the passing of his mother. In addition to his mother's passing, Mr. Reynolds underwent three (3) knee surgeries.

24.    The first procedure was an orthoscopic surgery on his right knee on or around May 29, 2019, the second procedure was complete right knee replacement performed on or around December 13, 2019. Mr. Reynold's last surgery required a complete left knee replacement and his surgery was performed around March 31, 2020.

25.    The procedures were performed by surgeon Dr. Raj Sinha at Advanced Pain Management Surgery Center, located at 39700 Bob Hope Drive, Suite 204, Rancho Mirage, CA 92270. Dr. Raj Sinha anticipated Mr. Reynolds' date to return to work be on or around May 27, 2020 with restrictions.

26.    After his surgeries, Mr. Reynolds post-surgery restrictions required monthly evaluations. His restriction included recommendation to be on light duty for lower extremities of squatting, pivoting, twisting, and no prolonged sitting/standing for more than 20 minutes. He was also required to change positions frequently. Per his doctor's recommendation, Mr. Reynolds also could not bend or climb due to limited mobility of his lower extremities.

-5-

COMPLAINT

27.   Therefore, Dr. Raj Sinha advised physical therapy. Mr. Reynolds underwent months of physical therapy for his knees and back at Elite Physical Therapy located at Dune Palms Drive, La Quinta, CA 92253. Dr. Elija Bishop treated his post recovery procedure following his surgeries.

28.   Following Mr. Reynolds surgeries, he noticed a change in Defendant's behavior toward him. Upon Mr. Reynolds' return, Manager Neil Gussard assigned him duties violating his restrictions. Mr. Gussard repeatedly stated, "You can do this" whenever Mr. Reynolds advised that the duties assigned did not oblige by his restrictions.

29.   Mr. Reynolds' duties required delivering packages, picking up and sending mail and assuming the front desk position for about two-hours of sitting which violated Mr. Reynolds' restrictions of, "No prolonged sitting of more than 20 minutes." If drivers failed to show up for their scheduled shift, Defendant assigned Mr. Reynolds the drivers' tasks which demanded constantly going in and out of the vans and driving for prolonged hours at a time.

30.   Covering the drivers' shifts required a minimum of walking (5) miles per day, which violated the restrictions provided by Dr. Raj Sinha of, "No sitting/standing of more than 20 minutes, squatting, pivoting and twisting." Consequently, by the end of the day Mr. Reynolds' pain would substantially increase. Currently, Mr. Reynolds is still treating with Chiropractor Jeremy Moffit at Gonstead Family Chiropractic located at Highway 111 Indio, CA 92201.

31.   Mr. Reynolds further alleges that his loyalty and hard work for Defendant had never been an issue. However, after his surgeries, Defendant's demeanor changed. Mr. Reynolds was given additional work affecting him physically and when he complained about his restrictions not being respected, Defendant pressured Mr. Reynolds to fulfill additional duties with no intent of accommodating him.

32.   On several occasions, Mr. Reynolds tried to find solutions to his issues but, all attempts fell on deaf ears. Specifically, due to his medical condition, Mr. Reynolds requested an accommodation of working remotely. While other employees with similar duties were allowed to work remotely, Mr. Reynolds was denied this option despite the fact that he had been allowed to work remotely before.

-6-

COMPLAINT

33.   Specifically, on or around the end of March 2020, Mr. Reynolds spoke to Mr. Gussardo. In the conversation, Mr. Reynolds expressed feeling harassed and micromanaged in addition, to not being allowed to work from home when other supervisors from different departments with similar managerial duties were allowed to do so.

34.   Mr. Reynolds worked from home during his medical and family leaves with no issues but, after returning from his medical leaves, Mr. Gussardo refused to allow him to work remotely. The following managers had complete or partial remote access and were allowed to work from home: Gay Juarez (Day Treatment Tech Supervisor), Shayna Timothy (Residential Tech Supervisor) and Kelly Ryan (Family Program Supervisor).

35.   Following the meeting, Mr. Reynolds met with Tessa Voss in hopes of finding a resolution to the issues he faced. However, much to his surprise she questioned Mr. Reynolds' desire to work for Defendant after almost two decades of impeccable loyalty and retorted, "It looks like you don't want to be here."

36.   On or around the beginning of May 2020, Mr. Reynolds was handed a Performance Improvement Plan ("PIP") evaluating him for the year Mr. Reynolds was on family and medical leaves. The "PIP" document indicated a negative performance for Mr. Reynolds' and required a response.

37.   On July 30, 2020, Mr. Reynolds e-mailed the HR department copying Tessa Voss and Neil Gussardo and expressed he felt micromanaged and harassed due to his medical condition and restrictions and overall unappreciated. Shortly after, Mr. Reynolds met with Tessa Voss and Neil Gussardo in response to the PIP.

38.   During the meeting, Ms. Voss was angry at Mr. Reynolds and reprimanded him for sending the letter to HR. Later that evening, Mr. Reynolds received a text message from Tessa Voss asking him to call her. During the call, Ms. Voss stated Mr. Reynolds was placed on a paid administrative leave through Friday August 7, 2020. On August 4, 2020 Tessa Voss and Tom Mannix (HR Representative) indicating they were parting ways due to his response to the "PIP" response and he was terminated.

39.   Mr. Reynolds is one of the oldest employees working for Defendant who had

COMPLAINT

restrictions and needed accommodations in addition to constant chiropractor treatments for his back pain. Defendant found an opportunity to get rid of Mr. Reynolds during his final evaluation on or around May/June 2020 where Mr. Reynolds received a meritless Performance Improvement Plan.

40.   Mr. Reynolds had restrictions, was on light duty and could not perform to his fullest. For this reason, Defendant gave Mr. Reynolds a negative performance review on or around mid-June 2020. Despite around February of 2019, prior to his medical leaves, Mr. Reynolds had received a review with a rating level 4 which indicated a more than satisfactory performance.

41.   Therefore, Mr. Reynolds alleges that Defendant used the "PIP" as an excuse to get rid of one of the oldest employees in the company and who after his surgeries required future accommodations as stated on Dr. Raj's status reports. Defendant did not want to deal with Mr. Reynolds accommodations and fabricated a Performance Improvement Plan. It was convenient for Defendant to terminate one of the few oldest employees in the company and an employee who would need future medical attention.

## FIRST CAUSE OF ACTION

### Age Discrimination

*(By Plaintiff against all Defendants)*

42.   Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the previous paragraphs alleged in this Complaint.

43.   At all times herein set forth, *California Government Code* § 12926(d) provides, "employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities . . . ."

44.   At all times relevant herein Defendant was an employer who employed five (5) or more employees, and was bound by FEHA.

45.   Plaintiff was an employee of Defendant.

46.   The California Fair Employment and Housing Act prohibits age discrimination.

1    Gov. Code Section 12940(a).

2    47.    Employees 40 and over are protected. Gov. Code Section 12926(b). To

3    prove a case of FEHA based on age discrimination, the plaintiff must show that (1) at the

4    time of the adverse action he/ she was 40 or older; (2) that the adverse employment action

5    was taken against the employee; (3) that at the time of the adverse action the employee

6    was satisfactorily performing his her job; and (4) that the employee was replaced in his

7    position by a significantly younger person. *Hersant v. California Dept. of Social Services,*

8    *57 Cal. App 4th 997, 1002-1003 (1997).* Indeed, where the employee is replaced by a

9    significantly younger person, an inference of age discrimination arises. *Guz v. Bechtel*

10   *Nat'l, Inc.,* 24 Cal. 4th 317, 367 (2000). Once the plaintiff has put forth a prima facie case,

11   the employer then bears the burden to introduce evidence of legitimate, non-discriminatory

12   reason for the adverse employment action. See *Gibbs v. Consolidated Servs.,* 111

13   Ca.App.4th 794, 799 (2003). The burden then shifts back to the employee to show that the

14   employer's stated reason is pretext.

15   48.    Here, Mr. Reynolds will easily prove the elements of prima facie of age

16   discrimination. First element is satisfied because Mr. Reynolds is over 40 years old;

17   specifically, he is sixty-three (63) years of age. Second, Mr. Reynolds was terminated.

18   Third, he was performing satisfactorily at the time of termination. Lastly, his duties were

19   assigned to a younger employee.

20   49.    As a proximate result of Plaintiff's wrongful termination of his employment,

21   Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation,

22   emotional distress, mental and physical pain and anguish and other employment benefits in an

23   amount according to proof at trial.

24   50.    In doing the acts herein alleged, Defendant acted with oppression, malice, and

25   in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount

26   according to proof at trial. Malice, oppression, and conscious disregard is evidenced by

27   Defendant's knowledge of age discrimination and conscious choice of not remedying the

28   situation. Malice, oppression, and conscious disregard is further evidenced by the Defendant

-9-

COMPLAINT

1   placing Plaintiff on the Performance Improvement Plan ("PIP") that Defendant intentionally

2   fabricated to get rid of Plaintiff.

3       51.   Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct,

4   Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an

5   amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges

6   that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

7                           **SECOND CAUSE OF ACTION**

8                             **Disability Discrimination**

9                         *(By Plaintiff against all Defendants)*

10      52.   Plaintiff Mr. Reynolds   re-alleges and incorporates by reference, as though fully set

11   forth herein, the paragraphs previously alleged in this Complaint.

12      53.   *California Government Code* § 12940(a) provides, "It is an unlawful employment

13   practice for an employer, because of the race, religious creed, color, national origin, ancestry,

14   physical disability, mental disability, medical condition, genetic information, marital status, sex,

15   gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of

16   any person, to refuse to hire or employ the person or to refuse to select the person for a training

17   program leading to employment, or to bar or to discharge the person from employment or from a

18   training program leading to employment, or to discriminate against the person in compensation or

19   in terms, conditions, or privileges of employment." The California Fair Employment and Housing

20   Act, codified in Government Code § 12900 (a) et seq. ("FEHA"), makes it unlawful for an employer

21   to discriminate against an employee on the basis of the employee's disability or perceived disability.

22      54.   At all times herein set forth, *California Government Code* § 12926(d) provides,

23   "employer" includes any person regularly employing five or more persons, or any person

24   acting as an agent of an employer, directly or indirectly, the state or any political or civil

25   subdivision of the state, and cities . . . ."

26      55.   At all times relevant herein Defendant was an employer who employed five (5) or

27   more employees, and was bound by FEHA.

28      56.   Plaintiff was an employee of Defendant.

57.   Plaintiff's disability and/or perceived disability was a motivating reason for Defendant's decision to terminate his employment, in violation of Government Code section 12940, subdivision (a).

58.   To establish a prima facie case of disability discrimination under the FEHA, a plaintiff must show (1) he suffered from a disability, (2) he could perform the essential duties of his job with or without reasonable accommodation, and (3) he [*40] was subjected to adverse employment action because of his disability. McInteer v. Ashley Distrib. Servs., Ltd., 40 F. Supp. 3d 1269, 2014 U.S. Dist. LEXIS 115669, 2014 WL 4105262, at *8 (C.D. Cal. Aug. 19, 2014) (citing Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 310, 115 Cal. Rptr. 3d 453 (2010)). "Numerous courts note that '[t]he prima facie burden is light; the evidence necessary to sustain the burden is minimal.' "2014 U.S. Dist. LEXIS 115669, [WL] at *9 (quoting Sandell, 188 Cal. App. 4th at 310) Lavin.

59.   Mr. Reynolds will easily prove the elements of prima facie of disability discrimination under the FEHA. Specifically, first element is satisfied because Mr. Reynolds had previous knee surgeries, specifically on his left and right knees. The second element is satisfied because Mr. Reynolds could perform the essential duties of his job pursuant to the doctor's recommendations. Lastly, the third element is satisfied because instead of accommodating Mr. Reynold's restrictions, Defendant terminated Mr. Reynolds' employment after providing him with a fabricated PIP. Defendant was aware of Mr. Reynolds' medical situation, yet decided to terminate him because Defendant did not want to deal with his future medical accommodations and restrictions.

60.   Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant. Plaintiff alleges that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

61.   As a proximate result of Plaintiff's wrongful termination of his employment,

1  Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation,

2  emotional distress, mental and physical pain and anguish and other employment benefits in an

3  amount according to proof at trial.

4      62.    In doing the acts herein alleged, Defendant acted with oppression, malice, and

5  in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount

6  according to proof at trial. Malice, oppression, and conscious disregard is evidenced by

7  Defendant's knowledge of the need of accommodation and complete lack of compassion and

8  lack of understanding when Plaintiff informed Defendant that he was in need of medical

9  assistance. Instead of accommodating Plaintiff's requests, Mr. Reynolds was terminated.

10 Malice, oppression, and conscious disregard is further evidenced by the Defendant placing

11 Plaintiff on the Performance Improvement Plan ("PIP") that Defendant intentionally fabricated

12 to get rid of Plaintiff because of his age, deteriorating health and medical condition.

13     63.    Plaintiff has also incurred and continues to incur attorneys' fees and legal

14 expenses in an amount according to proof at trial.

15                          **THIRD CAUSE OF ACTION**

16                    **Failure to Engage in the Interactive Process**

17              **In Violation of California Government Code § 12940 (n)**

18                        *(By Plaintiff against all Defendants)*

19     64.    Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the

20 paragraphs previously alleged in this Complaint.

21     65.    At all times herein set forth, *California Government Code* § 12926(d) provides,

22 "employer' includes any person regularly employing five or more persons, or any person acting

23 as an agent of an employer, directly or indirectly, the state or any political or civil subdivision

24 of the state, and cities . . . ."

25     66.    At all times relevant herein Defendant was an employer who employed five (5) or

26 more employees, and was bound by FEHA.

27     67.    Plaintiff was an employee of Defendant.

28     68.    Pursuant to California Government Code Section 12940 (n), it is an unlawful

-12-

COMPLAINT

Case 5:21-cv-01505-JGB-KK   Document 1-1   Filed 09/03/21   Page 17 of 50   Page ID #:29

employment practice for an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

69. Under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), an employer must engage in a good faith interactive process with the disabled employee to explore the alternatives to accommodate the disability. (Gov. Code, § 12940, subd. (n)). An employee may file a civil action based on the employer's failure to engage in the interactive process. Failure to engage in this process is a separate FEHA violation independent from an employer's failure to provide a reasonable disability accommodation, which is also a FEHA violation (Gov. Code, § 12940, subd. (m)). An employer may claim there were no available reasonable accommodations. But if it did not engage in a good faith interactive process, it cannot be known whether an alternate job would have been found. The interactive process determines which accommodations are required. Indeed, the interactive process could reveal solutions that neither party envisioned. Wysinger v. Automobile Club of Southern California (2007) 157 Cal.App.4th 413, 414-415.

70. As detailed above, it was apparent that Defendant did not want to deal with Mr. Reynolds' future medical accommodations. Instead, Defendant terminated Mr. Reynolds' without engaging in any interactive process. Therefore, Defendant failed to determine effective, reasonable accommodations for Mr. Reynolds in regards to his injury. This conduct violated Govt. Code § 12940, including subsection (n).

71. Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

///

///

-13-

COMPLAINT

**FOURTH CAUSE OF ACTION**

**Failure to Accommodate**

**In Violation of California Government Code § 12940 (m)**

*(By Plaintiff against all Defendants)*

72.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

73.     At all times herein set forth, *California Government Code* § 12926(d) provides, "employer' includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities . . . ."

74.     At all times relevant herein Defendant was an employer who employed five (5) or more employees, and was bound by FEHA.

75.     Plaintiff was an employee of Defendant.

76.     Pursuant to California Government Code § 12940 (m), it is unlawful for an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

77.     The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." Scotch v. Art Inst. of Cal. Orange Cnty., Inc., 173 Cal. App. 4th 986, 1009, 93 Cal. Rptr. 3d 338 (2009). Pursuant to section 12940(n), an employer is required "to engage in a timely, good faith, interactive process with the employee . . . with a known physical . . . disability or known medical condition." Cal. Gov't Code § 12940(n). "The 'interactive process' required by the FEHA is an informal process with the employee or the employee's representative, to attempt to identify a reasonable accommodation that will enable the employee to perform the job effectively." Scotch, 173 Cal. App. 4th at 1013.

78.     Here, Mr. Reynolds will easily prove that his employer failed to make reasonable accommodation for his injuries. First element is satisfied because Mr. Reynolds underwent

-14-

three knee surgeries. Specifically, Mr. Reynolds had undergone an orthoscopic surgery on his right knee on or around May 29, 2019. On December 13, 2019, Mr. Reynolds underwent a right knee replacement. Around March 31, 2020 Mr. Reynolds underwent a third surgery for a complete left knee replacement. Lastly, the third element is satisfied because ironically, after coming back from his medical leave, Defendant gave Mr. Reynold's additional duties affecting his restrictions of no prolonged sitting/standing for more than 20 minutes as detailed above. When Mr. Reynolds complained to Neil Gussardo he encouraged, "You can do it." It was apparent that Defendant was not happy to deal with Mr. Reynolds' restrictions. Rather than accommodating Mr. Reynolds' medical condition, Defendant chose not to deal with his present and future medical accommodations and terminated his employment instead. This violated Govt. Code § 12940, including subsection (m).

79.    Defendants failed to take all reasonable steps to prevent disability discrimination against Plaintiff in violation of Govt. Code § 12940, including subsection (m).

80.    Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven at trial.

81.    Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant and each of them. Plaintiff alleges that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

82.    As a proximate result of Plaintiff's wrongful termination of his employment, Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation, emotional distress, mental and physical pain and anguish and other employment benefits in an amount according to proof at trial.

83.    In doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount according to proof at trial. Malice, oppression, and conscious disregard is evidenced by Defendant's complete lack of compassion and lack of understanding when Plaintiff asked

Defendant for proper accommodations. Instead of accommodating Plaintiff's condition, Mr. Reynolds was terminated pursuant to the fabricated PIP.

84.     Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

## FIFTH CAUSE OF ACTION

### Retaliation

### In Violation of *California Government Code* § 12940(h)

*(By Plaintiff against all Defendants)*

85.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

86.     *California Government Code* § 12940(h) provides, "it is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California for any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

87.     To establish a prima facie case [of retaliation], plaintiff must show that: 1. Plaintiff engaged in a protected activity; 2. The employer subjected plaintiff to an adverse employment action; and 3. A causal link exists between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Products, Inc.* (9th Cir. 2000) 212 F3d 493, 506; *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1044; Lewis v. City of Benicia (2014) 224 Cal. 4th 1519, 1533. Further, "the retaliatory motive is 'proved by showing that plaintiff engaged in protected activities, that his employer was aware of the protected activities, and that the adverse action followed within a relatively short time thereafter.'... 'The causal link may be established by an inference derived from circumstantial evidence, "such as the

-16-

1   employer's knowledge that the [employee] engaged in protected activities and the proximity

2   in time between the protected action and allegedly retaliatory employment decision." '"*Fisher*

3   *v. San Pedro Peninsula Hospita*l (1989) 214 Cal.App.3d 590, 615, internal citations omitted.)

4        88.    Here, Mr. Reynolds will easily prove the prima facie case of retaliation in violation

5   of *California Government Code* § 12940(h). First element is satisfied because Mr. Reynold's

6   engaged in protected activity by requesting accommodation for his medical disability's

7   restrictions. Second element is satisfied because Defendants terminated Mr. Reynolds on the

8   pretext of negative PIP despite his cloudless performance with Defendant for nearly two

9   decades. A causal link exists between Mr. Reynold's continued requests for accommodation

10  and his subsequent termination. Therefore, Mr. Reynolds will prove his prima facie case of

11  retaliation in violation of *California Government Code* § 12940(a) without difficulty.

12       89.    Defendants' wrongful conduct proximately caused Plaintiff to suffer general,

13  special and statutory damages in an amount to be proven at trial.

14       90.    Plaintiff alleges that as a direct and proximate result of Defendants wrongful

15  conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive

16  damages in an amount sufficient to deter and punish Defendant and each of them. Plaintiff alleges

17  that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

18       91.    As a proximate result of Plaintiff's wrongful termination of his employment,

19  Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation,

20  emotional distress, mental and physical pain and anguish and other employment benefits in

21  an amount according to proof at trial.

22       92.    In doing the acts herein alleged, Defendant acted with oppression, malice, and

23  in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount

24  according to proof at trial. Malice, oppression, and conscious disregard is evidenced by

25  Defendant's complete lack of compassion and lack of understanding when Plaintiff asked

26  Defendant for proper accommodations. Instead of accommodating Plaintiff's condition, Mr.

27  Reynolds was terminated pursuant to the fabricated PIP.

28       93.    Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct,

-17-

COMPLAINT

Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

### SIXTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation

*(By Plaintiff against all Defendants)*

94.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

95.     Employers in California have an affirmative and mandatory duty to prevent discrimination in the workplace. (Cal. Gov. Code §12940(k); *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* (2002) 103 Cal.App.4th 1021, 1035.). Since Mr. Reynolds will be able to prove his claims for discrimination, he will be able to show Defendant failed to meet its affirmative and mandatory duty to prevent discrimination from occurring in the workplace.

96.     Here, Defendant knew about the discrimination and retaliation yet failed to prevent it from occurring in its workplace.

97.     Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven at trial.

98.     Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant and each of them. Plaintiff alleges that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

99.     As a proximate result of Plaintiff's wrongful termination of his employment, Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation, emotional distress, mental and physical pain and anguish and other employment benefits in an amount according to proof at trial.

100.   In doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount according to proof at trial. Malice, oppression, and conscious disregard is evidenced by

-18-

1  Defendant's complete lack of compassion and lack of understanding when Plaintiff asked

2  Defendant for proper accommodations. Instead of accommodating Plaintiff's condition, Mr.

3  Reynolds was terminated pursuant to the fabricated PIP.

4      101.   Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct,

5  Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an

6  amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges

7  that he is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

8  **SEVENTH CAUSE OF ACTION**

9  **Wrongful Termination in Violation of Public Policy**

10  *(By Plaintiff against all Defendants)*

11      102.   Plaintiff re-alleges and incorporates by reference, as if fully stated herein, the

12  material allegations set out in previous paragraphs in this Complaint.

13      103.   At all times herein mentioned in this complaint, California Government Code

14  Sections 12940(a) was in full force and effect and was binding on the Defendants and the

15  Defendants were subject to its terms, and therefore Defendant was required to refrain from

16  violations of public policy, including discriminatory and/or retaliatory actions against

17  Plaintiff.

18      104.   The elements of a wrongful discharge in violation of public policy are: (1) an

19  employer-employee relationship; (2) termination or other adverse employment action; (3) the

20  termination of the plaintiff's employment was in violation of public policy; (4) the termination

21  was a legal cause of the plaintiff's damages; and (5) damages. Gardner v. Fed. Express Corp.,

22  114 F. Supp. 3d 889.

23      105.   "Public policy" has been defined broadly to mean "that principle of law

24  which holds that no citizen can lawfully do that which has a tendency to be injurious to the

25  public or against the public good" Petermann v. International Brotherhood of Teamsters

26  (1959) 174 Cal. App. 2d 184, 188.  An employer discharging an employee's employment

27  based on their age is a violation of Public Policy because "age" is supported by both

28  constitutional and statutory provisions; it inures to the benefit of the public at large rather

-19-

than serving merely the interests of the individual; is articulated at the time of the discharge. Id.

106.    Plaintiff alleges that the reason for his termination was due to his age and disability.

107.    As a direct, foreseeable, and proximate result of Defendant's conduct, as alleged above, Plaintiff suffered lost income, employment, career opportunities, and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

108.    As a direct, foreseeable and proximate result of Defendant's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

109.    The conduct which Plaintiff complains of in this complaint, and which is alleged above, was carried out by the Defendant willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of Plaintiff's rights and as such Plaintiff is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages are alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent. The aforementioned conduct on which punitive damages are alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant.

### EIGHTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

*(By Plaintiff against all Defendants)*

110.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

111.    In carrying out the above conduct, Defendants, and their employees and agents,

breached the duty owed to Plaintiff to provide a workplace free from discrimination and abused their positions of authority towards Plaintiff. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

112.   Defendants, and their employees and agents knew, or should have known that the above conduct would cause Mr. Reynolds serious emotional distress. As a proximate result of Defendants' negligent conduct, Mr. Reynolds suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

## NINTH CAUSE OF ACTION

### For Unfair Business Practices

*(By Plaintiff against all Defendants)*

113.   Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

114.   At all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., and have thereby deprived Plaintiff of fundamental rights and privileges guaranteed to all employees under California law.

115.   Defendants, and each of them, are "persons" as defined under Bus. & Prof. Code § 17021.

116.   Plaintiff is informed and believes, and based upon that information and belief alleges that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

117.   The conduct of Defendants set forth herein violates Bus. & Prof. Code § 17000 et, seq. and Plaintiff is entitled to injunctive relief, treble damages and attorneys' fees.

118.   Defendants, as set forth in this Complaint, supra, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

-21-

COMPLAINT

119.    The Plaintiff also requests that the Court order the Defendants to disgorge all illegally obtained monies from failing to pay state taxes, state disability insurance premiums, and state unemployment taxes, obtained by way of their violation of Bus. & Prof. Code §§ 17200, et seq.

120.    As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of minimum wages and overtime wages as required by law, the disgorgement of ill-gotten gains, and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civ. Proc. § 1021.5.

## **PRAYER**

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

**ON THE FIRST CAUSE OF ACTION**:

(a)    For Compensatory Damages according to proof at trial;

(b)    For General Damages for according to proof at trial;

(c)    For reasonable attorney's fees and costs according to proof;

(d)    For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(e)    For prejudgment interest on the foregoing at the legal rate;

(f)    For statutory penalties as provided under the applicable Sections of the Fair Employment and Housing Act;

(g)    For injunctive relief prohibiting Defendant discriminating based on disability;

(h)    For such other and further relief as the court deems just and proper.

**ON THE SECOND CAUSE OF ACTION**:

(a)    For Compensatory Damages according to proof at trial;

(b)    For General Damages for according to proof at trial;

(c)    For reasonable attorney's fees and costs according to proof;

(d)    For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(e)     For prejudgment interest on the foregoing at the legal rate;

(f)     For statutory penalties as provided under the applicable Sections of the Fair Employment and Housing Act;

(g)     For injunctive relief prohibiting Defendant discriminating based on disability;

(h)     For such other and further relief as the court deems just and proper.

**ON THE THIRD CAUSE OF ACTION**:

(a)     For Compensatory Damages, according to proof at trial;

(b)     For General Damages for according to proof at trial;

(c)     For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(d)     For reasonable attorney's fees and costs according to proof;

(e)     For prejudgment interest on the foregoing at the legal rate;

(f)     For statutory penalties as provided under the applicable Sections of the Fair Employment and Housing Act;

(g)     For injunctive relief;

(h)     For such other and further relief as the court deems just and proper.

**ON THE FOURTH CAUSE OF ACTION**:

(a)     For Compensatory Damages, according to proof at trial;

(b)     For General Damages for according to proof at trial;

(c)     For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(d)     For reasonable attorney's fees and costs according to proof;

(e)     For statutory penalties as provided under the applicable Sections of the Fair Employment and Housing Act;

(f)     For prejudgment interest on the foregoing at the legal rate;

(g)     For injunctive relief;

(h)     For such other and further relief as the court deems just and proper.

COMPLAINT

**ON THE FIFTH CAUSE OF ACTION**:

(a)     For Compensatory Damages according to proof at trial;

(b)     For General Damages according to proof at trial;

(c)     For reasonable attorney's fees and costs according to proof;

(d)     For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(e)     For prejudgment interest on the foregoing at the legal rate;

(f)     For injunctive relief prohibiting Defendant discriminating based on age;

(g)     For statutory penalties as provided under the applicable Sections of the Fair Employment and Housing Act;

(h)     For such other and further relief as the court deems just and proper.

**ON THE SIXTH CAUSE OF ACTION**:

(a)     For Compensatory Damages according to proof at trial;

(b)     For General Damages according to proof at trial;

(c)     For reasonable attorney's fees and costs according to proof;

(d)     For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(e)     For prejudgment interest on the foregoing at the legal rate;

(f)     For injunctive relief prohibiting Defendant discriminating based on age;

(g)     For statutory penalties as provided under the applicable Sections of the Fair Employment and Housing Act;

(h)     For such other and further relief as the court deems just and proper.

**ON THE SEVENTH CAUSE OF ACTION**:

(a)     For Compensatory Damages;

(b)     For General Damages according to proof at trial;

(c)     For prejudgment interest on the foregoing at the legal rate;

(d)     For punitive or exemplary damages;

(e)     For such other and further relief as the court deems just and proper.

-24-

**ON THE EIGHTH CAUSE OF ACTION**:

(a)    For compensatory damages;

(b)    For such other and further relief as the court deems just and proper.

**ON THE NINTH CAUSE OF ACTION**:

(a)    For compensatory damages, together with prejudgment interest, according to proof;

(a)    For general damages according to proof;

(b)    For reasonable attorney's fees and costs according to proof;

(c)    For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair business practices of Defendants;

(d)    For prejudgment interest on the foregoing at the legal rate;

(e)    For statutory penalties as provided under the applicable Sections of Cal. Bus. & Prof. Code §§ 17200;

(f)    For such other and further relief as the court deems just and proper.

Dated: June 24, 2021                **SERENDIB LAW FIRM**

_____

Dimuth Amaratunge, Esq.
Maya L. Serkova, Esq.,
Attorneys for Plaintiff Mitchell Reynolds

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby demands trial of their claims by jury to the extent authorized by law.

Dated: June 24, 2021                **SERENDIB LAW FIRM**

_____

Dimuth Amaratunge, Esq.
Maya L. Serkova, Esq.,
Attorneys for Plaintiff Mitchell Reynolds

-25-

COMPLAINT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 28, 2021

Maya Serkova
765 The City Drive, Suite 355
Orange, California 92868

RE:    **Notice to Complainant's Attorney**
        DFEH Matter Number: 202105-13714729
        Right to Sue: Reynolds / Hazelden Betty Ford Foundation

Dear Maya Serkova:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 28, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202105-13714729
      Right to Sue: Reynolds / Hazelden Betty Ford Foundation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 28, 2021

Mitchell Reynolds
765 The City Drive, Suite 355
Rancho Mirage, California 92270

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202105-13714729
      Right to Sue: Reynolds / Hazelden Betty Ford Foundation

Dear Mitchell Reynolds:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 28, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Mitchell Reynolds                                    DFEH No. 202105-13714729

                        Complainant,

vs.

Hazelden Betty Ford Foundation
39000 Bob Hope Drive
Rancho Mirage, California 92270

                        Respondents

_____

1. Respondent **Hazelden Betty Ford Foundation** is an **employer Hazelden Betty Ford Foundation** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Mitchell Reynolds**, resides in the City of **Rancho Mirage,** State of **California.**

3. Complainant alleges that on or about **August 4, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Defendant owns, operates, and maintains Hazelden Betty Ford Foundation, an addiction treatment and advocacy organization. Hazelden Betty Ford Foundation headquarters is located at 15251 Pleasant Valley Road, Center City, MN 55012. However, Mr. Reynolds worked at the location at 39000 Bob Hope Drive, Rancho Mirage, CA 92270 as a "C.D. Technician" for the Patient Care Services Department from July 24,

-1-
*Complaint – DFEH No. 202105-13714729*

Date Filed: May 28, 2021

2000 through April 25, 2004 and from June 26, 2006 up until his termination on or around August 2020. Mr. Reynolds' duties consisted of managing the Transportation Department where he managed labor, fleet (vehicles), budget planning and maintaining purchasing, sales, revenue, licensing, credentials, registration and maintenance. Mr. Reynolds also managed the Volunteer Department. His duties consisted of recruiting, training, scheduling, continued development, evaluating, planning and backfilling volunteer duties with front desk reception and drivers. Mr. Reynolds collaborated with the Director of Volunteers at Eisenhower Hospital.

In addition, Mr. Reynolds managed the front desk reception's labor and budget. These tasks included recruiting, screening, interviewing, hiring, training, ongoing engagement, coaching, discipline, termination and assisting and supporting Patient Access Counselors' team. On or around the beginning of 2015, Betty Ford merged with Hazelden becoming Hazelden Betty Ford Foundation. Mr. Reynolds' post-pandemic compensation was an annual salary of about $75,000.00. Mr. Reynolds worked Monday through Friday from 8:00am to 4:30 pm.

Mr. Reynolds is a (62) year old man who during his employment with Betty Ford demonstrated high standards and excellent reputation within the company preceding him throughout his career with Defendant for almost two decades. Per Mr. Reynolds and as shown in his personnel records, his superiors commended his excellent work ethic, dependability and reliability. Throughout his long career, Mr. Reynolds went above and beyond to excel as an employee to support his team. Particularly, on February 12, 2019, Mr. Reynolds received a rating level 4 on his evaluation as he frequently exceeded performance expectations stating: "Performance frequently exceeds job requirements. Accomplishments are regularly above expected levels. Performance is sustained and uniformly high with throughout and on time results." Throughout Mr. Reynolds employment, he was an excellent and reliable employee.

A year prior to Mr. Reynolds termination, he suffered a personal loss in his family around May 2019. Specifically, Mr. Reynolds' mother suffered a stroke on Easter Sunday of 2019 and passed away in August of 2019. During this difficult time, Mr. Reynolds requested time off to care for his father and mourn the passing of his mother. In addition to his mother's passing, Mr. Reynolds underwent three (3) knee surgeries. The first procedure was an orthoscopic surgery on his right knee on or around May 29, 2019, the second procedure was complete right knee replacement performed on or around December 13, 2019. Mr. Reynold's last surgery required a complete left knee replacement and his surgery was performed around March 31, 2020. The procedures were performed by surgeon Dr. Raj Sinha at Advanced Pain Management Surgery Center, located at 39700 Bob Hope Drive, Suite 204, Rancho Mirage, CA 92270. Dr. Raj Sinha anticipated Mr. Reynolds' date to return to work be on or around May 27, 2020 with restrictions.

After his surgeries, Mr. Reynolds post-surgery restrictions required monthly evaluations. His restriction included recommendation to be on light duty for lower extremities of squatting, pivoting, twisting, and no prolonged sitting/standing for more than 20 minutes. He was also required to change positions frequently. Per his doctor's recommendation, Mr. Reynolds also could not bend or climb due to limited mobility of his lower extremities. Therefore, Dr. Raj Sinha advised physical therapy. Mr. Reynolds underwent months of physical therapy for

Date Filed: May 28, 2021

his knees and back at Elite Physical Therapy located at Dune Palms Drive, La Quinta, CA 92253. Dr. Elija Bishop treated his post recovery procedure following his surgeries.

Following Mr. Reynolds surgeries, he noticed a change in Defendant's behavior toward him. Upon Mr. Reynolds' return, Manager Neil Gussard assigned him duties violating his restrictions. Mr. Gussard repeatedly stated, "You can do this" whenever Mr. Reynolds advised that the duties assigned did not oblige by his restrictions. Mr. Reynolds' duties required delivering packages, picking up and sending mail and assuming the front desk position for about two-hours of sitting which violated Mr. Reynolds' restrictions of, "No prolonged sitting of more than 20 minutes." If drivers failed to show up for their scheduled shift, Defendant assigned Mr. Reynolds the drivers' tasks which demanded constantly going in and out of the vans and driving for prolonged hours at a time. Covering the drivers' shifts required a minimum of walking (5) miles per day, which violated the restrictions provided by Dr. Raj Sinha of, "No sitting/standing of more than 20 minutes, squatting, pivoting and twisting." Consequently, by the end of the day Mr. Reynolds' pain would substantially increase. Currently, Mr. Reynolds is still treating with Chiropractor Jeremy Moffit at Gonstead Family Chiropractic located at Highway 111 Indio, CA 92201.

Mr. Reynolds further alleges that his loyalty and hard work for Defendant had never been an issue. However, after his surgeries, Defendant's demeanor changed. Mr. Reynolds was given additional work affecting him physically and when he complained about his restrictions not being respected, Defendant pressured Mr. Reynolds to fulfill additional duties with no intent of accommodating him. On several occasions, Mr. Reynolds tried to find solutions to his issues but, all attempts fell on deaf ears. Specifically, due to his medical condition, Mr. Reynolds requested an accommodation of working remotely. While other employees with similar duties were allowed to work remotely, Mr. Reynolds was denied this option despite the fact that he had been allowed to work remotely before.

Specifically, on or around the end of March 2020, Mr. Reynolds spoke to Mr. Gussardo. In the conversation, Mr. Reynolds expressed feeling harassed and micromanaged in addition, to not being allowed to work from home when other supervisors from different departments with similar managerial duties were allowed to do so. Mr. Reynolds worked from home during his medical and family leaves with no issues but, after returning from his medical leaves, Mr. Gussardo refused to allow him to work remotely. The following managers had complete or partial remote access and were allowed to work from home: Gay Juarez (Day Treatment Tech Supervisor), Shayna Timothy (Residential Tech Supervisor) and Kelly Ryan (Family Program Supervisor).

Following the meeting, Mr. Reynolds met with Tessa Voss in hopes of finding a resolution to the issues he faced. However, much to his surprise she questioned Mr. Reynolds' desire to work for Defendant after almost two decades of impeccable loyalty and retorted, "It looks like you don't want to be here."

On or around the beginning of May 2020, Mr. Reynolds was handed a Performance Improvement Plan ("PIP") evaluating him for the year Mr. Reynolds was on family and medical leaves. The "PIP" document indicated a negative performance for Mr. Reynolds' and required a response. On July 30, 2020, Mr. Reynolds e-mailed the HR department

-3-
*Complaint – DFEH No. 202105-13714729*

Date Filed: May 28, 2021

copying Tessa Voss and Neil Gussardo and expressed he felt micromanaged and harassed due to his medical condition and restrictions and overall unappreciated. Shortly after, Mr. Reynolds met with Tessa Voss and Neil Gussardo in response to the PIP. During the meeting, Ms. Voss was angry at Mr. Reynolds and reprimanded him for sending the letter to HR. Later that evening, Mr. Reynolds received a text message from Tessa Voss asking him to call her. During the call, Ms. Voss stated Mr. Reynolds was placed on a paid administrative leave through Friday August 7, 2020.  On August 4, 2020 Tessa Voss and Tom Mannix (HR Representative) indicating they were parting ways due to his response to the "PIP" response and he was terminated.

Mr. Reynolds is sixty-two (62) years old and one of the oldest employees working for Defendant who had restrictions and needed accommodations in addition to constant chiropractor treatments for his back pain. Defendant found an opportunity to get rid of Mr. Reynolds during his final evaluation on or around May/June 2020 where Mr. Reynolds received a meritless Performance Improvement Plan. Mr. Reynolds responded to the "PIP" placed on administrative leave until August 4, 2020 later that day he was terminated by Defendant. Mr. Reynolds had restrictions, was on light duty and could not perform to his fullest. For this reason, Defendant gave Mr. Reynolds a negative performance review on or around mid-June 2020. Despite around February of 2019, prior to his medical leaves, Mr. Reynolds had received a review with a rating level 4 which indicated a more than satisfactory performance.

Therefore, Mr. Reynolds alleges that Defendant used the "PIP" as an excuse to get rid of one of the oldest employees in the company and who after his surgeries required future accommodations as stated on Dr. Raj's status reports. Defendant did not want to deal with Mr. Reynolds accommodations and fabricated a Performance Improvement Plan for the time Mr. Reynolds was on family and medical leave for his three surgeries. Therefore, it was convenient for Defendant to terminate one of the few oldest employees in the company and an employee who would need future medical attention.

*Complaint – DFEH No. 202105-13714729*

Date Filed: May 28, 2021

VERIFICATION

I, **Maya L. Serkova**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 28, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Orange, CA**

-5-
*Complaint – DFEH No. 202105-13714729*

Date Filed: May 28, 2021

EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
    Hazelden Betty Ford Foundation Inc. a
    California Corporation; Does 1–10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mitchell Reynolds, individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| Superior Court of California |
| County of Riverside |
| 6/30/2021 |
| V. Lopez |
| Electronically Filed |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* Palm Springs Courthouse, 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**CASE NUMBER:** *(Número del Caso):*
**CVPS2103108**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Maya Serkova, Esq. (SBN: 307025) 765 The City Dr. Suite 355 Orange, CA 92868; 714)703-1300

DATE: **6/30/2021**
*(Fecha)*

Clerk, by _V. Lopez_ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT C

Electronically FILED by Superior Court of California, County of Riverside on 08/04/2021 04:04 PM
Case Number CVPS2103108 0000002069555 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Marty Allen, Clerk

Alison L. Lynch (SBN 240346)
Remick M. Stahl (SBN 317065)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone: (949) 885-1360
Fax: (949) 885-1380
Alison.Lynch@jacksonlewis.com
Remick.Stahl@jacksonlewis.com

Attorneys for Defendant
HAZELDEN BETTY FORD FOUNDATION INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| MITCHELL REYNOLDS, individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAZELDEN BETTY FORD FOUNDATION INC., a California Corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CVPS2103108<br><br>[Assigned For All Purposes to the Hon. James Latting, Dept. PS2]<br><br>**DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint:    March 4, 2020<br>Trial Date:    Not Set |

Defendant HAZELDEN BETTY FORD FOUNDATION (erroneously sued as Hazelden Betty Ford Foundation Inc.) ("Defendant") answers the unverified Complaint ("Complaint") of Plaintiff MITCHELL REYNOLDS ("Plaintiff") as follows:

### GENERAL DENIAL

Under the provisions of section 431.30 of the California Code of Civil Procedure, Defendant denies each, every, and all of the allegations of the Complaint and the whole thereof and denies that Plaintiff has sustained damages in the sum alleged, or in any other sum, or at all.

Further answering Plaintiff's Complaint, and the whole thereof, Defendant denies that Plaintiff has sustained any injury, damage or loss by reasons of any act or omissions or negligence on the part of this

DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

answering Defendant, or its agents or employees.

## AFFIRMATIVE DEFENSES

Defendant further alleges, based on information and belief, the following affirmative defenses to the purported causes of action in the Complaint, without conceding that they bear the burden of proof or persuasion as to any one of them, as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

2.      To the extent discovery or investigation may disclose information which could serve as a basis for any defense by Defendant, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### THIRD AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

3.      Any recovery on Plaintiff's Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343 and Government Code sections 12940, 12960, and 12965, and Business and Professions Code section 17208.

### FOURTH AFFIRMATIVE DEFENSE

**(Privileged, Good Faith, and Justified Conduct)**

4.      Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

### FIFTH AFFIRMATIVE DEFENSE

**(Equitable Doctrines)**

5.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff's employment ended under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57, and its progeny.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

9.      Any recovery on Plaintiff's Complaint, and each and every purported cause of action alleged therein, is barred in whole or in part because Plaintiff failed to properly and timely exhaust his administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

10.     Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression, or fraud by an officer, director or managing agent of Defendant within the requirements of California Civil Code section 3294.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

11.     Although Defendant denies that it has committed or are responsible for any act that could

DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

12.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity/Job Relatedness)

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because Defendant's employment practices were lawful as they were necessary to its business.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

14.     Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because Plaintiff's employment was terminable at-will pursuant to California Labor Code section 2922, and Defendant had the right to terminate his employment at any time for any lawful reason.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Pre-emption)

15.     Plaintiff is barred from seeking recovery against Defendant for any emotional or physical injury because such recovery is barred by the exclusivity remedy provisions under the California Workers' Compensation Act, Labor Code section 3600, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Claim Preclusion/Res Judicata)

16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein is barred by the doctrine of claim preclusion/res judicata.

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Fitness for Duty)

3      17.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in

4   whole or in part because Plaintiff failed to provide written certification from his health care provider that

5   he was fit to return to work.

6

## EIGHTEENTH AFFIRMATIVE DEFENSE

7

### (Health and Safety Risk)

8      18.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

9   barred because, even with reasonable accommodations, Plaintiff was unable to perform an essential duty

10  without endangering his health or safety or the health or safety of others.

11

## NINETEENTH AFFIRMATIVE DEFENSE

12

### (Undue Hardship)

13     19.    Any recovery on Plaintiff's Complaint, or any alleged cause of action therein, is barred in

14  whole or in part by because assuming *arguendo* that Plaintiff had requested accommodation, those

15  accommodations would create an undue hardship to the operation of Defendant's business.

16

## TWENTIETH AFFIRMATIVE DEFENSE

17

### (Fraud)

18     20.    Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred

19  on the grounds that his requests for accommodation were fraudulent.

20

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21

### (Arbitration Agreement)

22     21.    Plaintiff is precluded from pursuing this matter in Court to the extent that there is a valid

23  and enforceable arbitration agreement mandating that all the claims at issue be submitted to binding

24  arbitration.

25

## TWENTY-SECOND AFFIRMATIVE DEFENSE

26

### (Avoidable Consequences)

27     22.    Plaintiff is precluded from asserting his Complaint and each purported cause of action

28  therein, because he failed to exercise reasonable care to avoid the injuries he purportedly suffered.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

23.     Plaintiff's claims are barred to the extent they seek injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiff has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

24.     Defendant has engaged attorneys to represent it in defense of Plaintiff's Complaint, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Third Party Conduct as Superseding/Alternate Cause)

25.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because the damages claimed by Plaintiff were either wholly or partially, and either negligently or intentionally, caused by or contributed to by third party persons, firms, corporations, or entities other than Defendant or its authorized agents.  Defendant is therefore entitled to apportionment among all such parties according to their responsibility for such injuries and damages, if any, sustained by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

26.     Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendant reserves the right to assert additional and different defenses if and to the extent such defenses are applicable.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     For cost of suits incurred herein including reasonable attorneys' fees; and

DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

5.       For such other and further relief as the Court deems just and equitable.

DATED:  September 2, 2021               JACKSON LEWIS P.C.

By:                                              
                    Alison L. Lynch
                    Remick M. Stahl
                    Attorneys for Defendant
                    HAZELDEN BETTY FORD FOUNDATION

DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

**CALIFORNIA SUPERIOR COURT, COUNTY OF RIVERSIDE**

**CASE NAME:   *MITCHELL REYNOLDS V. HAZELDEN BETTY FORD FOUNDATION INC.***

**CASE NO.:     CVPS2103108**

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

      On September 2, 2021, I served the foregoing document described as:

**DEFENDANT HAZELDEN BETTY FORD FOUNDATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Dimuth C. Amaratunge | ***Attorneys for Plaintiff*** |
| Maya L. Serkova | MITCHELL REYNOLDS |
| SERENDIB LAW FIRM, APC | |
| 765 The City Drive, Suite 355 | Phone:    714-703-1300 |
| Orange, CA 92868 | Fax:       714-703-1304 |
| | E-Mail:   da@serendiblaw.com |
| | mserkova@serendiblaw.com |

**[X]**   **BY EMAIL SERVICE:**   Based on a court order, an agreement of the parties to accept service by e mail or electronic transmission, and/or pursuant to Cal. Rule of Court 2.251 and Cal. Code Civ. Proc. § 1010.6, I caused a true copy of the foregoing document(s) to be served by electronic email transmission to email address(es) indicated herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication   that   the transmission   was unsuccessful.  My  e-mail  address  is carolina.rangel@jacksonlewis.com.

**[X]**   **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed **September 2, 2021** at Irvine, California.

_____
Carolina Rangel

4847-2180-4020, v. 2

# PROOF OF SERVICE

**CASE NAME:**    *Mitchell Reynolds v. Hazelden Betty Ford Foundation Inc.*

**CASE NO.:**    **5:21-cv-1505**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On September 3, 2021, I served the foregoing document described as:

**DECLARATION OF ALISON L. LYNCH IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Dimuth C. Amaratunge | ***Attorneys for Plaintiff*** |
| Maya L. Serkova | MITCHELL REYNOLDS |
| SERENDIB LAW FIRM, APC | |
| 765 The City Drive, Suite 355 | Phone:    714-703-1300 |
| Orange, CA 92868 | Fax:      714-703-1304 |
| | E-Mail:    da@serendiblaw.com |
| | mserkova@serendiblaw.com |

**[X]    BY EMAIL SERVICE:**    Based on a court order, an agreement of the parties to accept service by e mail or electronic transmission, and/or pursuant to Cal. Rule of Court 2.251 and Cal. Code Civ. Proc. § 1010.6, I caused a true copy of the foregoing document(s) to be served by electronic email transmission to email address(es) indicated herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication    that    the transmission    was unsuccessful.   My e-mail address is carolina.rangel@jacksonlewis.com.

**[X]    FEDERAL -** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **September 3, 2021** at Irvine, California.

_____
Carolina Rangel

4847-5280-4084, v. 1