JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1505 JGB (KKx)** | Date | June 28, 2023 |
|---|---|---|---|
| Title | *Mitchell Reynolds v. Hazelden Betty Ford Foundation et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Dismissing Action (IN CHAMBERS)

On September 3, 2021, Defendant Hazelden Betty Ford Foundation ("Defendant") removed this action. ("Notice of Removal," Dkt. No. 1.) On September 23, 2021, the Court issued its Standing Order. ("Standing Order," Dkt. No. 10.) On November 4, 2021, the Court set a scheduling conference for January 3, 2022. (Dkt. No. 12.) On December 27, 2021, the parties filed a Joint Rule 26(f) Report. ("Joint Rule 26(f) Report," Dkt. No. 13.) On January 18, 2022, Defendant filed its initial disclosures. (Dkt. No. 15.) On January 28, 2022, the Court issued its civil trial scheduling order. ("Scheduling Order," Dkt. No. 16.) Among other dates and deadlines, the Court set a discovery cut-off date of March 20, 2023; a motions cut-off date of May 15, 2023; the last date by which to conduct a settlement conference for May 22, 2023; a final pretrial conference for June 26, 2023; and a jury trial for July 18, 2023. (See id.) The same day, the Court referred the parties to private mediation. (Dkt. No. 17.)

On June 26, 2023, at 11:00 a.m., the Court attempted to hold the final pretrial conference in this matter. The parties did not appear.

Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016); Pagtalunan v. Galaza, 291 F.3d 639, 640–43 (9th Cir. 2002). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence

and that dismissal is therefore appropriate.  Since Defendant filed its initial disclosures on January 18, 2022, there has not been a single filing on the docket in this matter, or any indication that any case activity has taken place.  The parties failed to appear at the final pretrial conference on June 26, 2023.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan, 291 F.3d at 642 (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendant, forcing it to spend needless resources on contesting this matter; in fact, Plaintiff has already unreasonably delayed this action without explanation.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic: Plaintiff has yet to pursue this case in any meaningful way since the filing of the Complaint and is unlikely to do so in the future.

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute, **VACATES** the jury trial set for July 18, 2023, and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**